# IN THE UNITED STATES DISCTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GRAVINESE<br>7125 Valley Avenue<br>Philadelphia, PA 19128<br><br>          Plaintiff,<br><br>v.<br><br>PREMIER DENTAL PRODUCTS COMPANY<br>1710 Romano Drive<br>Plymouth Meeting, PA 19462<br><br>          Defendant. | CIVIL ACTION<br><br>NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

John Gravinese (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Premier Dental Products Company (*hereinafter* referred to as "Defendant") of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff is however filing his lawsuit in advance of same because he was issued his Right to Sue Letter from the EEOC and must initiate his lawsuit within 90 days from receipt of same. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADEA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within 90 days of receipt of a right-to-sue letter.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Premier Dental Products Company is a manufacturer and distributor of dental and medical products and supplies with headquarters at the address set forth in the above caption. Defendant distributes products to national and international markets. Plaintiff was hired through and worked at Defendant's above-captioned address.

9. At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 70-year-old male.

12. Plaintiff worked for Defendant approximately June 1, 2007 before his unlawful termination (as discussed *infra*) on May 1, 2020.

13. At all times during his employment with Defendant, Plaintiff worked in Defendant's warehouse at the above-captioned address.

14. Moreover, throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee who performed his job extremely well.

15. Plaintiff had performed all roles within his department during his employment with Defendant and he had a very comprehensive knowledge of Defendant's operations and processes. Plaintiff was a very versatile employee, had a substantial amount of cross-training and had the skills and knowledge necessary to perform any role/position within Defendant's warehouse effectively and better than many other employees.

16. Plaintiff received consistently positive performance evaluations during his entire period of employment with Defendant. In fact, in his January 2020 performance evaluation, Plaintiff was given the highest rating of "outstanding" in all areas of his job functions and performance. Furthermore, on that same review, Plaintiff's managers noted that Plaintiff's institutional knowledge of warehouse processes was an asset to Defendant and that Plaintiff's ability to effectively work with all with all departments was beneficial to Defendant's entire

operation. That same 2020 evaluation further noted that Plaintiff was a positive influence for other members of the warehouse and encouraged Plaintiff to continue to share his skill with others in the warehouse.

17. At all relevant times, Plaintiff was primarily supervised by Mark Williams (Warehouse Manager) and George Robbins (functioning as a lead).

18. On average, there were typically 10-12 individuals total in Plaintiff's department during his employment with Defendant.

19. Due to the COVID-19 pandemic, employees, including Plaintiff, were subject to a temporary furlough. Plaintiff and others in his department (the Warehouse) ceased working effective as of March, 2020 (for a temporary closure of facilities).

20. On May 1, 2020, Plaintiff was notified by Defendant that he was terminated due to his position allegedly being eliminated.

21. However, Defendant retained/brought back approximately 8 employees who were substantially younger than him by 10-50 years despite the fact that Plaintiff (1) was a better performer; (2) more senior (as to longer employment); and (3) even trained people that were retained (and was trusted to train people overall in the department).

22. Moreover, upon information and belief, the work that Plaintiff performed before his alleged job elimination has not slowed down and is now being performed by younger, less experienced individuals.

23. Plaintiff's termination was completely discriminatory based on age. For example, one person was hired from being a casual helper while in college (as of reopening) and younger people who couldn't do all aspects of the job in the warehouse were kept (unlike Plaintiff).

24. Additionally, Defendant intentionally terminated the 3 oldest people in the department (ages 63, 65, and 70). Other younger people functionally were used to perform the

other older (terminated) employees' roles (who could have been retained as they were long-term, versatile employees like Plaintiff). No neutral criteria could have been applied for Plaintiff's termination other than discriminatory criteria and Plaintiff believes that a primary criterion for his termination was age.

25. Plaintiff was treated disparately with respect to job retention, and termination contrary to individuals substantially younger than him, and, without having been the subject of any progressive discipline during his tenure with Defendant and after years of excellent performance, Plaintiff was terminated over less senior and less experienced , younger employees that were retained.

26. Plaintiff believes and therefore avers the rationale given for his termination was completely pretextual and that he was really terminated because of his age.

## COUNT I
## Violation of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee who performed his job extremely well and received consistently positive performance evaluations. Moreover, Plaintiff was a very versatile employee, had a substantial amount of cross-training and had the skills and knowledge necessary to perform any role/position within Defendant's Wearhouse effectively and better than many other employees.

29. Plaintiff and other older employees were treated disparately with respect to job retention and termination contrary to individuals substantially younger than him.

30. Following a furlough period, Plaintiff was terminated on or about May 1, 2020 by Defendant.

31. However, substantially younger employees with less seniority and significantly less experience were retained over Plaintiff.

32. Upon information and belief, after Plaintiff was terminated, his work for Defendant has been performed by much younger, less experienced individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant for over 10 years.

33. Therefore, Plaintiff believes and avers his termination was completely pretextual and that he was really terminated because of his advanced age.

34. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

By: _____
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: October 20, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| John Gravinese | : | CIVIL ACTION |
| v. | : | |
| Premier Dental Products Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 10/20/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7125 Valley Avenue, Philadelphia, PA 19128

Address of Defendant: 1710 Romano Drive, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/2020    *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/20/2020    *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GRAVINESE, JOHN

**DEFENDANTS**
PREMIER DENTAL PRODUCTS COMPANY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise |  |  | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  |  |  | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
|  |  |  |  |  | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence |  |  |  |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property |  | **Other:** | 462 Naturalization Application |  |  |
|  | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 448 Education | 550 Civil Rights |  |  |  |
|  |  | 555 Prison Condition |  |  |  |
|  |  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of ADEA and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

**DATE:** 10/20/2020

**SIGNATURE OF ATTORNEY OF RECORD:** [signature]

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE